UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:19-cv-327-FL

| | | |
|---|---|---|
| MANUEL TORRES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ANSWER TO PLAINTIFF'S** |
| vs. | ) | **COMPLAINT BY** |
| | ) | **DEFENDANT** |
| TRACY LYNN CARTER, in his | ) | **TRACY LYNN CARTER** |
| official capacity as Lee County Sheriff; | ) | |
| TOWN OF SILER CITY, NORTH | ) | |
| CAROLINA; and TOWN OF APEX, | ) | |
| NORTH CAROLINA, | ) | |
| | ) | |
| Defendants. | ) | |

---

NOW COMES defendant TRACY LYNN CARTER, sued solely in his official capacity as the duly elected and sworn Sheriff of Lee County, North Carolina, by and through counsel, and hereby responds to the correspondingly numbered allegations set forth in the Plaintiff's Complaint as follows:

1. It is admitted that Plaintiff Manuel Torres was formerly a duly appointed and sworn Lee County Deputy Sheriff from October 22, 2012 until September 11, 2017. It is further admitted that the Plaintiff has instituted the instant action in which he alleges, erroneously, that Sheriff Carter discriminated against the Plaintiff based upon the Plaintiff's religious beliefs, and that Sheriff Carter further retaliated against him in response to his request for accommodation of his religious beliefs. These allegations are false. It is denied that the Plaintiff's rights were violated in any manner by Sheriff Carter or any of his subordinates, to include any religious discrimination or any unlawful failure

to accommodate his religious beliefs. It is further denied that the Plaintiff was subjected to any retaliation whatsoever by Sheriff Carter or his subordinations for any reason, to include his having requested accommodation for his religious beliefs or Plaintiff having filed complaint(s) with the Equal Employment Opportunity Commission. To the contrary, the termination of the Plaintiff's employment as a Lee County Deputy Sheriff was entirely lawful and based upon non-discriminatory and non-retaliatory reasons. Except as expressly admitted herein, the allegations contained in Paragraph 1 of the Plaintiff's Complaint are denied, it being further denied that Sheriff Carter or any of his subordinates engaged in any unlawful conduct against the Plaintiff, denied that Sheriff Carter is liable to the Plaintiff in any manner, and denied that the Plaintiff is entitled to any recovery or relief whatsoever.

2.      It is admitted that this Court has original jurisdiction over the Plaintiff's federal claims asserted in this matter, which have no merit whatsoever. It is further admitted that the Court has the discretion to exercise supplemental jurisdiction over the Plaintiff's state law claim, which likewise has no merit. Except as expressly admitted herein, the Plaintiff's allegations contained in Paragraph 2 of the Complaint are denied, including Plaintiff's allegation that Sheriff Carter "enjoys no immunity from the claims alleged in this complaint."

3.      It is admitted that one of the named defendants, the Town of Apex, is geographically situated within the Eastern District of North Carolina. It is further admitted that the Plaintiff, Sheriff Carter, and defendant Town of Siler City all reside or are otherwise geographically situated within the Middle District of North Carolina. It is

denied that "a substantial part of the events or omissions giving rise to the claims occurred" in the Eastern District of North Carolina. In any event, Sheriff Carter does not object to this case being assigned to the Honorable Louise W. Flanagan.

4. It is admitted, upon belief, that the Plaintiff is a citizen of the United States and a resident of Sanford, Lee County, North Carolina. It is further admitted that the Plaintiff was a duly appointed and sworn Lee County Deputy Sheriff from October 22, 2012 until September 11, 2017. It is further admitted that the Plaintiff was qualified and certified to serve as a Lee County Deputy Sheriff, holding the position of Corporal. Except as expressly admitted herein, the allegations contained in Paragraph 4 of the Complaint constitute legal conclusions to which no response is required on the part of Sheriff Carter. To the extent any response is required on the part of the Sheriff Carter, these allegations are denied.

5. It is admitted that Tracy Lynn Carter is the duly elected and sworn Sheriff of Lee County, North Carolina. It is further admitted that Sheriff Carter exercises those duties and responsibilities incumbent upon him as the Sheriff of Lee County pursuant to the North Carolina Constitution and the statutes and regulations of the State of North Carolina. It is further admitted that pursuant to North Carolina law, including N.C. Gen. Stat. § 162-24, a county sheriff has the authority to hire and dismiss his/her deputy sheriffs, detention officers, and other subordinates and employees at will. Except as expressly admitted herein, the allegations contained in Paragraph 5 of the Complaint constitute legal conclusions to which no response is required by Sheriff Carter. To the

extent any response is required on the part of the Sheriff Carter, these allegations are denied.

6. It is admitted that the Town of Siler City is a municipality geographically situated within Chatham County, North Carolina. Except as expressly admitted, the allegations contained in Paragraph 6 of the Complaint pertain to a defendant other than Sheriff Carter, such that no response is required on the part of Sheriff Carter. To the extent that any response is required on the part of Sheriff Carter as to Plaintiff's allegations pertaining to defendant Town of Siler City, Sheriff Carter lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Complaint, and the same are consequently denied.

7. It is admitted that the Town of Apex is a municipality geographically situated within Wake County, North Carolina. Except as expressly admitted, the allegations contained in Paragraph 6 of the Complaint pertain to a defendant other than Sheriff Carter, such that no response is required on the part of Sheriff Carter. To the extent that any response is required on the part of Sheriff Carter as to Plaintiff's allegations pertaining to defendant Town of Apex, Sheriff Carter lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of the Complaint, and the same are consequently denied.

8. It is admitted, upon information and belief, that the Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 9, 2017, which was assigned the Charge Number 433-2018-00419. It is further admitted that this Charge of Discrimination speaks for itself. Except was expressly

admitted herein, the allegations contained in Paragraph 8 of the Complaint are denied, it being further denied that the Plaintiff's rights were violated in any manner whatsoever.

9.  It is admitted that the EEOC issued a Notice of Right to Sue with respect to Plaintiff's EEOC Charge No. 433-2018-00419 to the Plaintiff on April 29, 2019. Upon information and belief, the Plaintiff failed to file the instant suit within the time allowed by law, such that the Plaintiff's claims are barred as a matter of law. Except as expressly admitted herein, the allegations contained in Paragraph 9 of the Complaint are denied.

10.  Sheriff Carter lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Complaint, and the same are consequently denied.

11.  Sheriff Carter lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Complaint, and the same are consequently denied.

12.  It is admitted, upon information and belief, that the Plaintiff filed a Charge of Discrimination with the EEOC on July 23, 2018, which was assigned the Charge Number 433-2018-02999. It is further admitted that this Charge of Discrimination speaks for itself. Except was expressly admitted herein, the allegations contained in Paragraph 12 of the Complaint are denied, it being further denied that the Plaintiff's rights were violated in any manner whatsoever.

13.  It is admitted that the EEOC issued its Notice of Right to Sue with respect to Plaintiff's EEOC Charge No. 433-2018-02999 to the Plaintiff on April 29, 2019. Upon information and belief, the Plaintiff failed to file the instant suit within the time

allowed by law, such that the Plaintiff's claims are barred as a matter of law. Except as expressly admitted herein, the allegations contained in Paragraph 13 of the Complaint are denied.

14.     Sheriff Carter lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Complaint, and the same are consequently denied.

15.     Sheriff Carter lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Complaint, and the same are consequently denied.

16.     The allegations contained in Paragraph 16 of the Complaint are denied.

17.     The allegations contained in Paragraph 17 of the Complaint are denied.

18.     It is admitted that Plaintiff Manuel A. Torres is a male.  It is further admitted, upon information and belief, that the Plaintiff is currently fifty-two (52) years old.  Except as expressly admitted herein, Sheriff Carter lacks knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 18 of the Complaint, and the same are consequently denied.

19.     The allegations contained in Paragraph 19 of the Complaint are admitted upon information and belief.

20.     Sheriff Carter lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Complaint, and the same are consequently denied.

21.     Sheriff Carter lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the Complaint, and the same are consequently denied.  It is further denied that the Plaintiff's conduct and behavior prior to June/July 2017, insofar as it was known to Sheriff Carter, was consistent with the religious beliefs as alleged by the Plaintiff in Paragraph 21 of the Complaint.

22.     It is admitted that the Plaintiff was sworn as a Lee County Deputy Sheriff on October 22, 2012.  It is further admitted that the Plaintiff was subsequently appointed to the position of Corporal.  It is further admitted that the Plaintiff's service as a Lee County Deputy Sheriff was lawfully terminated on September 11, 2017 due to Plaintiff's toxic attitude, insubordination, his constant complaining to others that his Sergeant was incompetent, and Plaintiff's clear lack of desire to continue serving as a Lee County Deputy Sheriff, all of which led to Sheriff Carter losing confidence in the Plaintiff's performance of his duties.  Except as expressly admitted herein, the allegations contained in Paragraph 22 of the Complaint are denied.

23.     It is admitted that as a Lee County Deputy Sheriff, the Plaintiff was responsible for working closely with other Lee County Deputy Sheriffs, as well as other law enforcement officers, a significant percentage of whom are female.  Plaintiff's responsibilities as a Lee County Deputy Sheriff (which are generally consistent with the duties of other law enforcement officers across the United States) included partnering with female Deputies, answering calls with female Deputies, and investigating crimes with female Deputies on a regular basis, as well as interacting with victims of crime, witnesses to crimes, and citizens in need of assistance on a daily basis (including female crime

victims, witnesses and other citizens), as well as arresting, securing, searching, questioning and transporting criminal suspects, many of whom might be female. It is further admitted that interacting with female law enforcement officers and citizens, often alone for significant periods of time, is a basic and unavoidable responsibility of a law enforcement officer. It is further admitted that in his position as a Corporal in the Patrol Division, which he voluntarily accepted and assumed, Plaintiff was responsible for helping to train and mentor new Deputy Sheriffs, including those who might happen to be female. It is further admitted that in training new Deputies, a training officer typically spends significant time alone with the new Deputy, including riding with him/her in a patrol car, attending calls with him/her, and assisting him/her with completing paperwork, in addition to other duties and tasks. It is further admitted that the Plaintiff was aware of these responsibilities when he accepted his appointment to Corporal. It is further admitted that the Plaintiff had previously worked closely with female Deputies on numerous occasions over the course of several years, including working with and training them alone, doing so without any expressed reservations or concerns. It is further admitted that, as he had done in the past (without having expressed any reservations in doing so), and as was his responsibility as a senior Lee County Sheriff's Deputy, the Plaintiff was tasked in June and July 2017 to help train a new Deputy, Casey Burton, who happened to be female. Except as expressly admitted herein, the allegations contained in Paragraph 23 of the Complaint are denied.

24.     It is admitted that the Plaintiff's responsibilities as a Corporal, which he had freely and knowingly accepted, included training new Deputies, some of whom might be female.  It is further admitted that the Plaintiff had previously trained new female deputies in the past while serving as a Lee County Deputy Sheriff, including Deputy (now Detective) Turnmire in 2015, without expressing any complaint or apparent reservations in doing so.   It is further admitted that as part of training Deputy Turnmire, the Plaintiff rode with her alone in his patrol car and otherwise was alone with her for significant periods of time.  Except as expressly admitted, Sheriff Carter lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of the Complaint, and the same are consequently denied.

25.     It is admitted that on or about June 15, 2017, the Plaintiff expressed to a fellow male Deputy Sheriff that Plaintiff's wife had demanded that he not allow Deputy Burton to ride with him in his patrol car and that Plaintiff and his wife had been arguing on a daily basis about Plaintiff riding with Deputy Burton.   It is further admitted that the Plaintiff told this male Deputy that he was tired of arguing with his wife about this issue. It is further admitted that the Plaintiff subsequently complained to his Sergeant, Sergeant Jeff Oldham, that he no longer wanted to work with Deputy Casey Burton, whom Plaintiff had trained during several previous shifts without complaint, because the Plaintiff and his wife were having marital problems and that she did not want him working with female deputies.  Except as expressly admitted herein, the allegations contained in Paragraph 25 of the Complaint are denied, it being further denied that Plaintiff's initial request to no longer work with Deputy Burton was based upon the Plaintiff's religious beliefs.

26. It is admitted that whenever it was possible to do so, Plaintiff's superior officer, Sergeant Oldham, did his best to accommodate Plaintiff's request to not ride or work with Deputy Burton. However, given the small size of the Lee County Sheriff's Office and the limited number of Deputies on duty during certain times of the day and night, and the limited availability of experienced senior officers like the Plaintiff who were qualified to train new Deputies, it was not always possible to accommodate the Plaintiff's request. It is further admitted that any inability to accommodate the Plaintiff's request to not work alone with female deputies had nothing to do with any discrimination against, or lack of respect for, the Plaintiff's religious beliefs, but instead had everything to do with providing adequate law enforcement services for the citizens of Lee County, which is the prime responsibility for the Sheriff of Lee County and his Deputy Sheriffs. It is further admitted that the Sheriff of Lee County owes his new Deputies -- regardless of whether they are male or female -- thorough, rigorous and effective training to ensure their safety and their ability to become effective, responsible and professional law enforcement officers. It is further admitted that accommodating the Plaintiff's demands that he never have to work alone with female Deputies imposed a serious hardship upon the Sheriff of Lee County and the Plaintiff's fellow Deputies. Except as expressly admitted herein, the allegations contained in Paragraph 26 of the Complaint are denied.

27. It is admitted that the Plaintiff communicated with his and Sergeant Oldham's superiors, Lieutenant Darin Smith and Captain Brian Estes, regarding his refusal to work with female deputies. It is further admitted that Lieutenant Smith and Captain Estes advised the Plaintiff that they would look into the issue. It is further

admitted that Lieutenant Smith and Captain Estes orally counseled the Plaintiff regarding his ongoing disrespect for Sergeant Oldham, the Plaintiff's superior officer, against whom the Plaintiff was openly bitter for Sergeant Oldham having been selected for promotion to Sergeant over the Plaintiff. Except as expressly admitted herein, the allegations contained in Paragraph 27 of the Complaint are denied, it being further denied that either Lieutenant Smith or Captain Estes made any promises to the Plaintiff, and further denied that the Plaintiff was or is entitled to any absolute accommodation of his demand that he never have to work alone with any females.

28. The allegations contained in Paragraph 28 of the Complaint are denied. The Plaintiff's allegations that Sergeant Oldham did not respond in support of the Plaintiff because the Plaintiff had spoken with Lieutenant Smith and Captain Estes are utterly false. To the contrary, at the time that the Plaintiff radioed for law enforcement support in connection with the multi-vehicle accident referenced in Paragraph 28 of the Complaint, Sergeant Oldham and the two other Lee County Sheriff's patrol deputies on duty late that night (including Deputy Burton, who was riding with Sergeant Oldham instead of riding with the Plaintiff because the Plaintiff refused to ride with her) were inside Central Carolina Hospital after transporting a female mental patient there. Neither Sergeant Oldham, Deputy Burton nor Deputy Weston had radio reception inside of Central Carolina Hospital, and they therefore did not hear the Plaintiff's radio call for assistance. As soon as Sergeant Oldham became aware of the Plaintiff's situation, he immediately responded to support the Plaintiff. The Plaintiff's allegations that "the LCSO refused or

neglected" to provide backup to the Plaintiff are completely false and are denied. In sum, the allegations contained in Paragraph 28 of the Complaint are denied.

29. It is admitted that the Plaintiff spoke with Chief Deputy Randall Butler on or about September 6, 2017, in the present of Captain Estes. It is further admitted that the Plaintiff expressed to Chief Deputy Butler that he would not work alone with female deputies. It is further admitted that Chief Deputy Butler expressed his concern that the Plaintiff's refusal to work alone with female officers might have the effect of discriminating against female officers. It is further admitted that Chief Deputy Butler asked the Plaintiff if his religious beliefs would prevent him from being able to come to the aid of a female officer. It is further admitted that the Plaintiff's hesitation in responding to this question, and his half-hearted response thereto, caused Chief Deputy Butler concern. It is further admitted that Chief Deputy Butler counseled the Plaintiff regarding his ongoing and open disrespect for Sergeant Oldham, his superior officer. It is further admitted that Chief Deputy Butler suggested to the Plaintiff that he consider relinquishing the position of Corporal and/or moving to another squad, away from Sergeant Oldham, in order to address these issues, suggestions that the Plaintiff immediately and flatly rejected. It is further admitted that Chief Deputy Butler advised the Plaintiff that he would think further on the matter and try to come up with a solution that would accommodate the Plaintiff's demands as much as possible. It is denied that Chief Deputy Butler became angry at any point during this conversation with the Plaintiff, or at any other time with the Plaintiff. Except as expressly admitted, the allegations contained in Paragraph 29 of the Complaint are denied.

30.     It is admitted that on September 8, 2017, the Plaintiff was openly disrespectful and hostile during a telephone conversation with Captain Estes, including the Plaintiff hanging up on Captain Estes.  It is further admitted that as a result of the Plaintiff's toxic and poor attitude, during which the Plaintiff expressed that he was not happy working for the Sheriff of Lee County, Captain Estes instructed the Plaintiff to go home for the remainder of his shift and that he should attend a meeting on Monday morning, September 11, 2017.  It is admitted that on September 11, 2017, the Sheriff of Lee County terminated the Plaintiff's employment due to his toxic attitude and ongoing insubordinate and disrespectful behavior, including his open disrespect to Sergeant Oldham, Captain Estes and Chief Deputy Butler.  It is further admitted that on September 11, 2017, Chief Deputy Butler notified the Plaintiff in person that his services were no longer required by the Sheriff of Lee County.    Except as expressly admitted herein, the allegations contained in Paragraph 30 of the Complaint are denied.

31.     It is admitted, upon information and belief, that the Plaintiff filed a Charge of Discrimination with the EEOC on November 9, 2017, which speaks for itself.   It is denied that the allegations set forth in this Charge of Discrimination are true.

32.     The allegations contained in Paragraph 32 of the Complaint are denied.

33.     It is admitted, upon information and belief, that the Plaintiff filed a second Charge of Discrimination, identified as Charge No. 433-2018-02999, which speaks for itself.    It is denied that the Sheriff of Lee County engaged in any discrimination, retaliation or other unlawful conduct toward the Plaintiff at any time.   Except as expressly admitted herein, the allegations contained in Paragraph 33 of the Complaint are denied.

34.     Defendant Sheriff Carter lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of the Complaint, and the same are consequently denied.

35.     Defendant Sheriff Carter lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35 of the Complaint, and the same are consequently denied.

36.     Defendant Sheriff Carter lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 of the Complaint, and the same are consequently denied.

37.     Defendant Sheriff Carter lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 37 of the Complaint, and the same are consequently denied.

38.     Defendant Sheriff Carter lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 of the Complaint, and the same are consequently denied.

39.     Defendant Sheriff Carter lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 of the Complaint, and the same are consequently denied.

40.     Defendant Sheriff Carter lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 40 of the Complaint, and the same are consequently denied.

41. Defendant Sheriff Carter lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 of the Complaint, and the same are consequently denied.

42. Defendant Sheriff Carter lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42 of the Complaint, and the same are consequently denied.

43. Defendant Sheriff Carter lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 of the Complaint, and the same are consequently denied.

44. The allegations contained in Paragraph 44 of the Complaint are denied.

45. The allegations contained in Paragraph 45 of the Complaint are denied.

46. Defendant Sheriff Carter lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 46 of the Complaint, and the same are consequently denied, it being further denied that Sheriff Carter engaged in any unlawful conduct with regard to the Plaintiff.

**COUNT I:**
**Title VII Claim for Religious Discrimination**
**(Against Defendant LCSO)**

47. Defendant Sheriff Carter hereby incorporates by reference his responses to Paragraphs 1 through 46 of the Complaint as if fully set forth herein.

48. The allegations contained in Paragraph 48 of the Complaint are denied.

49. The allegations contained in Paragraph 49 of the Complaint are denied.

50. The allegations contained in Paragraph 50 of the Complaint are denied.

51.     It is admitted that the Sheriff of Lee County accommodated the Plaintiff's demand that he never work alone with any female deputies when it was possible to do so. It is further admitted that as a matter of law, the Plaintiff was not, and is not, entitled to an absolute accommodation that he never have to work alone with female deputies.  It is further admitted that in a law enforcement agency as small as the Lee County Sheriff's Office, accommodating the Plaintiff's demand that he never have to work alone with females imposed a serious hardship upon the Sheriff of Lee County and his staff, and, if not being a total impossibility, at a minimum unfairly affected the work schedules of, and the allocation of responsibilities among, other Lee County Sheriff's Deputies and otherwise impeded the ability of the Sheriff of Lee County to perform his core law enforcement functions.  Except as expressly admitted herein, the allegations contained in Paragraph 51 of the Complaint are denied.

52.     The allegations contained in Paragraph 52 of the Complaint are denied; it being further denied that Plaintiff's demand that he never have to work alone with females could be reasonably accommodated.

53.     The allegations contained in Paragraph 53 of the Complaint are denied.

54.     The allegations contained in Paragraph 54 of the Complaint are denied; it being further denied that Sheriff Carter violated the Plaintiff's rights in any manner.  It is further denied that the Plaintiff is entitled to any recovery or relief whatsoever.

## COUNT II:
## Retaliation Under Title VII
## (Against All Defendants)

55.     Defendant Sheriff Carter hereby incorporates by reference his responses to Paragraphs 1 through 54 of the Complaint as if fully set forth herein.

56.     The allegations contained in Paragraph 56 of the Complaint are denied.

57.     The allegations contained in Paragraph 57 of the Complaint are denied.

58.     The allegations contained in Paragraph 58 of the Complaint are denied.

59.     It is admitted that after the Plaintiff was lawfully terminated from his service for the Sheriff of Lee County for non-discriminatory and non-retaliatory reasons, he filed charges of discrimination with the EEOC alleging religious discrimination and retaliation.  It is further admitted that the Plaintiff's allegations are false.  Except as expressly admitted herein, the allegations contained in Paragraph 59 of the Complaint are denied.

60.     It is admitted that any claim by the Plaintiff that he was terminated by the Sheriff of Lee County because of his requests for religious accommodation are false. Except as expressly admitted herein, Sheriff Carter lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 60 of the Complaint, to include what the Town of Siler City may or may not have done, and the same are consequently denied.

61.     Sheriff Carter lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 61 of the Complaint and the same are consequently denied.

62.     Sheriff Carter lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 62 of the Complaint and the same are consequently denied; it being further denied that Sheriff Carter or any of his subordinates acted wrongfully or improperly in any manner.

63.     The allegations contained in Paragraph 63 of the Complaint are admitted upon information and belief.

64.      The allegations contained in Paragraph 64 of the Complaint are denied.

65.     Sheriff Carter lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 65 of the Complaint, to include what the Town of Apex may or may not have done and the same are consequently denied; it being further denied that Sheriff Carter or any of his subordinates acted wrongfully or improperly in any manner.

66.     The allegations contained in Paragraph 66 of the Complaint are denied; it being further denied that Sheriff Carter violated the Plaintiff's rights in any manner.  It is further denied that the Plaintiff is entitled to any recovery or relief whatsoever.

### COUNT III:
### Retaliation Under Title VII
### (Against Defendant LCSO)

67.     Defendant Sheriff Carter hereby incorporates by reference his responses to Paragraphs 1 through 66 of the Complaint as if fully set forth herein.

68.     It is admitted that the public policy of the State of North Carolina speaks for itself.  Except as expressly admitted herein, the allegations contained in Paragraph 68

of the Complaint are denied, it being further denied that Sheriff Carter has violated the public policy of the State of North Carolina in any manner alleged by the Plaintiff.

69. The allegations contained in Paragraph 69 of the Complaint constitute legal conclusions for which no response is required on the part of Sheriff Carter. To the extent that any response is required on the part of Sheriff Carter to these allegations, it is admitted that N.C. Gen. Stat. § 143-422.2, *et. seq.* speaks for itself. Except as expressly admitted, the allegations contained in Paragraph 69 of the Complaint are denied; it being further denied that the Plaintiff's rights were violated in any manner.

70. The allegations contained in Paragraph 70 of the Complaint are denied, it being further denied that the Plaintiff's refusal to work alone with females is a protected category within the meaning of N.C. Gen. Stat. § 143-422.2, *et. seq.*

71. The allegations contained in Paragraph 71 of the Complaint are denied.

72. The allegations contained in Paragraph 72 of the Complaint are denied; it being further denied that the Plaintiff is entitled to any recovery or relief whatsoever.

**Any allegations not expressly admitted to hereinabove are denied. It is further denied that the Plaintiff is entitled to any recovery whatsoever from Sheriff Carter, including any compensatory damages, punitive damages, costs, or interest set forth in Plaintiff's Prayer for Relief, or any other relief or recovery.**

<h1 style="text-align:center">AFFIRMATIVE DEFENSES</h1>

<h2 style="text-align:center">FIRST AFFIRMATIVE DEFENSE</h2>

Some or all of the claims set forth in the Plaintiff's Complaint fail to state a claim upon which relieve may be granted, and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

<h2 style="text-align:center">SECOND AFFIRMATIVE DEFENSE</h2>

The Plaintiff's claims are barred by the applicable statute of limitations, to include, upon information and belief, Plaintiff's failure to file the instant lawsuit within 90-days of receipt of Notice of Right to Sue letter(s) from the EEOC.

<h2 style="text-align:center">THIRD AFFIRMATIVE DEFENSE</h2>

Upon information and belief, the Plaintiff has failed to pursue any state law remedies, to include filing a contested case with the Office of Administrative Hearings and otherwise exhausting his state remedies, prior to bringing the instant action. Accordingly, this Court lacks subject matter jurisdiction over this action, which should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. See e.g., Davis v. North Carolina Dept. of Correction, 48 F.3d 134 (4th Cir. 1995).

<h2 style="text-align:center">FOURTH AFFIRMATIVE DEFENSE</h2>

At all relevant times to the instant action, defendant Sheriff Carter's actions were based on legitimate, nondiscriminatory reasons as well as lawful motives.

<h2 style="text-align:center">FIFTH AFFIRMATIVE DEFENSE</h2>

To the extent the Plaintiff's claims are based on allegations not contained in administrative complaints filed by the Plaintiff, such claims are barred. Moreover, to the

extent the Plaintiff asserts claims that were not pursued via available state administrative grievance procedures, the Plaintiff has failed to exhaust all available administrative remedies, such that the Plaintiff's claims are barred.

## SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, the Plaintiff has failed to mitigate his damages, his entitlement thereto being expressly denied.

## SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, the Plaintiff has failed to meet the statutory and/or procedural prerequisites under Title VII and/or the relevant federal statutes for maintenance of this legal action.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent the Plaintiff's claims under Title VII are based on events which occurred more than 180 days before the filing of an EEOC charge, the claims are barred.

## NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks recovery of punitive damages from Sheriff Carter, such recovery of punitive damages is barred both factually and as a matter of law.

## TENTH AFFIRMATIVE DEFENSE

Sheriff Carter pleads governmental immunity, sovereign immunity, good faith immunity, qualified immunity, Eleventh Amendment immunity, and/or public officer's immunity as affirmative defenses. Such immunities are pled as a complete bar to this lawsuit.

## ELEVENTH AFFIRMATIVE DEFENSE

Any person or entity not identified as the alleged discriminating employer in Plaintiff's EEOC charge cannot be sued under Title VII.

## TWELFTH AFFIRMATIVE DEFENSE

The "Lee County Sheriff's Office" is not a legal entity capable of being sued, and is not an employer under any relevant statute or authority.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's Title VII claims may be based on allegations not made in Plaintiff's relevant charge(s) filed with the EEOC, the claims are barred.

## FOURTEENTH AFFIRMATIVE DEFENSE

At all times relevant to the matters set forth in the Complaint, Sheriff Carter and his subordinates complied with all pertinent statutory and regulatory regulations and laws, all of which are pled as a complete defense to the Plaintiff's claims asserted in this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

At all times, Sheriff Carter and his subordinates acted in good faith and pursuant to lawful motives with respect to the Plaintiff, and otherwise with respect to the matters alleged in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

The purported injuries complained of by the Plaintiff were not caused by, and did not result from, any improper acts or omissions on the part of Sheriff Carter or any of his subordinates.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The purported injuries complained of by the Plaintiff were a direct and proximate result of the Plaintiff's own acts and omissions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The purported injuries complained of by the Plaintiff were not caused by, and did not result from, any improper acts or omissions on the part of Sheriff Carter or his subordinates, but instead resulted from the acts and conducts of third parties for which the defendants are not and cannot be liable.

## FURTHER AFFIRMATIVE DEFENSES

Defendant Sheriff Tracy Lynn Carter reserves the right to assert such other affirmative defenses as may become available during the course of this litigation.

WHEREFORE, Sheriff Tracy Lynn Carter prays unto the Court as follows:

1.      That Plaintiff have and recover nothing of Sheriff Carter and that Plaintiff's claims against Sheriff Carter be dismissed with prejudice,

2.      That Sheriff Carter's costs in connection with the defense of this action be taxed against the Plaintiff,

3.      That Sheriff Carter have and recover from the Plaintiff his reasonable attorney's fees in this matter, and

4.      For such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 28th day of August, 2019.

> **/s/ BRADLEY O. WOOD**
> BRADLEY O. WOOD, N.C. State Bar No. 22392
> WOMBLE BOND DICKINSON (US) LLP
> One West Fourth Street
> Winston-Salem, North Carolina 27101
> Telephone:  (336) 728-7012
> Facsimile:  (336) 726-6913
> E-mail:  Brad.Wood@wbd-us.com
> *Counsel for Defendant Tracy Lynn Carter*

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2019, I caused to be electronically filed the foregoing **ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANT TRACY LYNN CARTER** with the Clerk of Court using CM/ECF system, which will send notification of such filing to the following:

B. Tyler Brooks
Law Office of B. Tyler Brooks, PLLC
4050 Yellowfield Way
Cary, NC 27518
Email: btb@btylerbrookslawyer.com
*Counsel for Plaintiff*

Paul S. Holscher
Jackson Lewis P.C.
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Email: paul.holscher@jacksonlewis.com
*Counsel for Defendant Town of Apex,
North Carolina*

**/s/ BRADLEY O. WOOD_____**
BRADLEY O. WOOD
N.C. State Bar No. 22392
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: (336) 728-7012
Facsimile: (336) 726-6913
E-mail: Brad.Wood@wbd-us.com
*Counsel for Defendant Tracy Lynn Carter*