IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:19-cv-00327-FL

MANUEL TORRES,               )
                                      )
       Plaintiff,            )
                                        )
vs.                                )
                                      )     **DEFENDANT TOWN OF APEX'S**
TRACY LYNN CARTER, in his official  )     **ANSWER TO PLAINTIFF'S**
capacity as Lee County Sheriff; TOWN  )   **COMPLAINT AND AFFIRMATIVE**
OF SILER CITY, NORTH CAROLINA;  )            **DEFENSES**
and TOWN OF APEX, NORTH        )
CAROLINA,                     )
                                      )
       Defendants.          )
                                      )

**NOW COMES** Defendant, Town of Apex, North Carolina, ("Defendant" or "Apex"),

by and through its undersigned counsel, and files *Defendant Town of Apex's Answer to Plaintiff's*

*Complaint and Affirmative Defenses* ("Answer"), and states as follows:

### FIRST DEFENSE

Apex responds to the individually enumerated allegations contained in Plaintiff's

Complaint as follows:

### ACTION

1.     In response to the allegations contained in the first sentence of Paragraph 1 of

Plaintiff's Complaint, it is admitted, upon information and belief, that Plaintiff was employed as a

law enforcement officer with the Lee County Sheriff's Office ("LCSO") from October 2012, until

September 11, 2017.  The remaining allegations contained in the first sentence of Paragraph 1 of

Plaintiff's Complaint constitute conclusions of law, to which no response is required.  To the

extent a response is required to the remaining allegations contained in the first sentence of

Paragraph 1 of Plaintiff's Complaint, it is denied that Apex discriminated against or retaliated against Plaintiff for any reason. In further response to the remaining allegations contained in the first sentence of Paragraph 1 of Plaintiff's Complaint, it is also denied, upon information and belief, that Defendant Tracy Lynn Carter ("Sheriff Carter") or the Town of Siler City, North Carolina ("Siler City") discriminated against or retaliated against Plaintiff for any reason. In response to the allegations contained in the second sentence of Paragraph 1 of Plaintiff's Complaint, it is admitted that Plaintiff seeks damages purportedly arising out of his alleged legal claims. Except as expressly admitted, the allegations contained in the second sentence of Paragraph 1 of Plaintiff's Complaint are denied. It is expressly denied that Plaintiff is entitled to relief of any sort from Apex. It is also expressly denied that punitive damages are available against Apex.

## JURISDICTION AND VENUE

2.     The allegations contained in the first sentence of Paragraph 2 of Plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations contained in the first sentence of Paragraph 2 of Plaintiff's Complaint are admitted. The allegations contained in the second sentence of Paragraph 2 of Plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent a response is required to the allegations contained in second sentence of Paragraph 2 of Plaintiff's Complaint, it is admitted that this Court has jurisdiction to adjudicate claims under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), as well as supplemental jurisdiction to adjudicate related state law claims. Except as expressly admitted, the allegations contained in the second sentence of Paragraph 2 of Plaintiff's Complaint are denied. The allegations contained in the third sentence of Paragraph 2 of Plaintiff's Complaint constitute conclusions of law to which

no response is required. To the extent a response is required to the allegations contained in the third sentence of Paragraph 2 of Plaintiff's Complaint, the allegations alleged against Apex are denied.

3.    The allegations contained in Paragraph 3 of Plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent a response is required to the allegations contained in Paragraph 3 of Plaintiff's Complaint, it is admitted that Apex is located in a county that the United States District Court for the Eastern District of North Carolina represents. In further response to the allegations contained in Paragraph 3 of Plaintiff's Complaint, it is admitted that Sheriff Carter and Siler City are both located in a county that the United States District Court for the Middle District of North Carolina represents. Except as expressly admitted, the allegations contained in Paragraph 3 of Plaintiff's Complaint are denied.

**PARTIES**

4.    In response to the allegations contained in the first sentence of Paragraph 4 of Plaintiff's Complaint, it is admitted, upon information and belief, that Plaintiff is a citizen of the United States and is resident of Sanford, Lee County, North Carolina. The allegations contained in the second sentence of Paragraph 4 of Plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent a response is required to the allegations contained in second sentence of Paragraph 4 of Plaintiff's Complaint, the allegations are denied. The allegations contained in the third sentence of Paragraph 4 of Plaintiff's Complaint are denied.

5.    The allegations contained in Paragraph 5 of Plaintiff's Complaint do not pertain to this answering Defendant and therefore no response is required. To the extent a response is required to the allegations contained in Paragraph 5 of Plaintiff's Complaint, the allegations are denied, upon information and belief.

6.     The allegations contained in Paragraph 6 of Plaintiff's Complaint do not pertain to this answer Defendant and therefore no response is required.  To the extent a response is required to the allegations contained in Paragraph 6 of Plaintiff's Complaint, the allegations are admitted, upon information and belief.

7.     The allegations contained in the first and second sentences of Paragraph 7 of Plaintiff's Complaint are admitted.  The allegations contained in the third sentence of Paragraph 7 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent a response is required to the allegations contained in the third sentence of Paragraph 7 of Plaintiff's Complaint, those allegations are denied.  The allegations contained in the fourth sentence of Paragraph 7 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent a response is required to the allegations contained in the fourth sentence of Paragraph 7 of Plaintiff's Complaint, it is admitted that Apex is an "employer" within the meaning and definition of 42 U.S.C. 2000e(b).  Except as expressly admitted, the allegations contained in the fourth sentence of Paragraph 7 of Plaintiff's Complaint are denied.

## ADMINISTRATIVE PROCEDURES

8.     The allegations contained in Paragraph 8 of Plaintiff's Complaint are admitted, upon information and belief.

9.     Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of Plaintiff's Complaint and, as a result, those allegations are denied.

10.     Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of Plaintiff's Complaint and, as a result, those allegations are denied.

11.     Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of Plaintiff's Complaint and, as a result, those allegations are denied.

12.     Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of Plaintiff's Complaint and, as a result, those allegations are denied.

13.     Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of Plaintiff's Complaint and, as a result, those allegations are denied.

14.     In response to the allegations contained in Paragraph 14 of Plaintiff's Complaint, it is admitted, upon information and belief, that Plaintiff digitally executed a Charge of Discrimination ("EEOC Charge") (Charge No. 433-2018-03011) on or about July 23, 2018, in which Plaintiff alleged that Apex "retaliated against me for filing EEOC Charge Number: 433-2018-00419 against Lee County Sheriff [sic] Office for Religious Discrimination and Retaliation." Except as expressly admitted, the allegations contained in Paragraph 14 of Plaintiff's Complaint are denied.

15.     In response to the allegations contained in Paragraph 15 of Plaintiff's Complaint, it is admitted that on or about April 29, 2019, the EEOC closed its investigation of Plaintiff's EEOC Charge, dismissed Plaintiff's EEOC Charge, issued a "Dismissal And Notice of Rights" ("Dismissal") and, in the process, issued a "no cause" finding which stated, in pertinent part, as follows: "Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes."

16.     The allegations contained in Paragraph 16 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Apex lacks sufficient information to respond to the truth or falsity of the allegations contained in Paragraph 16 of Plaintiff's Complaint and, as a result, the allegations are denied.

17.     The allegations contained in Paragraph 17 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Apex lacks sufficient information to respond to the truth or falsity of the allegations contained in Paragraph 17 of Plaintiff's Complaint and, as a result, the allegations are denied.

## FACTUAL ALLEGATIONS

18.     The allegations contained in Paragraph 18 of Plaintiff's Complaint are admitted, upon information and belief.

19.     Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of Plaintiff's Complaint and, as a result, the allegations are denied.

20.     Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of Plaintiff's Complaint and, as a result, the allegations are denied.

21.     Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of Plaintiff's Complaint and, as a result, the allegations are denied.

### Defendant LCSO (EEOC Charge Nos. 433-2018-00419 and -02999)

22.     The allegations contained in Paragraph 22 of Plaintiff's Complaint do not pertain to this answering Defendant and therefore no response is required.  To the extent a response is

required, it is admitted, upon information and belief, that Plaintiff began employment with LCSO in October 2012, and that Plaintiff most recently held the position of County Deputy (Corporal) with LCSO until on or around September 11, 2017. Except as expressly admitted, the allegations contained in Paragraph 22 of Plaintiff's Complaint are denied.

23. The allegations contained in Paragraph 23 of Plaintiff's Complaint do not pertain to this answering Defendant and therefore no response is required. To the extent a response is required, Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of Plaintiff's Complaint and, as a result, those allegations are denied.

24. The allegations contained in Paragraph 24 of Plaintiff's Complaint do not pertain to this answering Defendant and therefore no response is required. To the extent a response is required, Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of Plaintiff's Complaint and, as a result, the allegations are denied.

25. The allegations contained in Paragraph 25 of Plaintiff's Complaint do not pertain to this answering Defendant and therefore no response is required. To the extent a response is required, Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of Plaintiff's Complaint and, as a result, the allegations are denied.

26. The allegations contained in Paragraph 26 of Plaintiff's Complaint do not pertain to this answering Defendant and therefore no response is required. To the extent a response is required, Apex is without sufficient information to form a belief as to the truth or falsity of the

allegations contained in Paragraph 26 of Plaintiff's Complaint and, as a result, the allegations are denied.

27. The allegations contained in Paragraph 27 of Plaintiff's Complaint do not pertain to this answering Defendant and therefore no response is required. To the extent a response is required, Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of Plaintiff's Complaint and, as a result, the allegations are denied.

28. The allegations contained in Paragraph 28 of Plaintiff's Complaint do not pertain to this answering Defendant and therefore no response is required. To the extent a response is required, Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of Plaintiff's Complaint and, as a result, the allegations are denied.

29. The allegations contained in Paragraph 29 of Plaintiff's Complaint do not pertain to this answering Defendant and therefore no response is required. To the extent a response is required, Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of Plaintiff's Complaint and, as a result, the allegations are denied.

30. The allegations contained in Paragraph 30 of Plaintiff's Complaint do not pertain to this answering Defendant and therefore no response is required. To the extent a response is required, Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of Plaintiff's Complaint and, as a result, the allegations are denied.

31.    The allegations contained in Paragraph 31 of Plaintiff's Complaint do not pertain to this answering Defendant and therefore no response is required.  To the extent a response is required, Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 31 of Plaintiff's Complaint and, as a result, the allegations are denied.

32.    The allegations contained in Paragraph 32 of Plaintiff's Complaint do not pertain to this answering Defendant and therefore no response is required.  To the extent a response is required, Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 of Plaintiff's Complaint and, as a result, the allegations are denied.

33.    The allegations contained in Paragraph 33 of Plaintiff's Complaint do not pertain to this answering Defendant and therefore no response required.  To the extent a response is required, Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of Plaintiff's Complaint and, as a result, the allegations are denied.

**Defendant Siler City (EEOC Charge No. 433-2018-02466)**

34.    Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of Plaintiff's Complaint and, as a result, the allegations are denied.

35.    Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 35 of Plaintiff's Complaint and, as a result, the allegations are denied.

36.     Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 of Plaintiff's Complaint and, as a result, the allegations are denied.

37.     Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 37 of Plaintiff's Complaint and, as a result, the allegations are denied.

38.     Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 of Plaintiff's Complaint and, as a result, the allegations are denied.

39.     Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 of Plaintiff's Complaint and, as a result, the allegations are denied.

40.     Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 40 of Plaintiff's Complaint and, as a result, the allegations are denied.

### Defendant Town of Apex (EEOC Charge No. 433-2018-03011)

41.     In response to the allegations contained in Paragraph 41 of Plaintiff's Complaint, it is admitted that Plaintiff interviewed with Apex on November 6, 2017. Except as expressly admitted, the allegations contained in Paragraph 41 of Plaintiff's Complaint are denied.

42.     The allegations contained in Paragraph 42 of Plaintiff's Complaint are denied.

43.     In response to the allegations contained in Paragraph 43 of Plaintiff's Complaint, it is admitted that Plaintiff was required to complete a Computerized Voice Stress Analysis

examination ("CVSA examination").  Except as expressly admitted, the allegations contained in Paragraph 43 of Plaintiff's Complaint are denied.

44.    In response to the allegations contained in Paragraph 44 of Plaintiff's Complaint, it is admitted that LCSO provided Wayne English ("Officer English"), who is employed as a Police Officer for Apex, information regarding Plaintiff's employment with LCSO.  Apex is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 44 of Plaintiff's Complaint and, as a result, the allegations are denied.

45.    In response to the allegations contained in Paragraph 45 of Plaintiff's Complaint, it is admitted that LCSO informed Officer English that Plaintiff had previously told LCSO that his wife had a problem with him training females. It is further admitted that LCSO informed Officer English that Plaintiff subsequently told LCSO that it was "against his religious beliefs to have a female in the car with him alone." Except as expressly admitted, the allegations contained in Paragraph 45 of Plaintiff's Complaint are denied, upon information and belief.

46.    The allegations contained in Paragraph 46 of Plaintiff's Complaint are denied.

## COUNT I:
## Title VII Claim for Religious Discrimination
## (Against Defendant LCSO)

47.    Apex realleges and incorporates herein by reference its answers to Paragraphs 1 – 46 of Plaintiff's Complaint as if fully set forth herein.

48.    Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 48 of Plaintiff's Complaint and, as a result, those allegations are denied.

49.     The allegations contained in Paragraph 49 of Plaintiff's Complaint do not pertain to this answering Defendant and therefore no response is required.  To the extent a response is required, the allegations contained in Paragraph 49 of Plaintiff's Complaint are denied.

50.     The allegations contained in Paragraph 50 of Plaintiff's Complaint do not pertain to this answering Defendant and therefore no response is required.  To the extent a response is required, Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 50 of Plaintiff's Complaint and, as a result, those allegations are denied.

51.     The allegations contained in Paragraph 51 of Plaintiff's Complaint do not pertain to this answering Defendant and therefore no response is required.  To the extent a response is required, Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 51 of Plaintiff's Complaint and, as a result, those allegations are denied.

52.     The allegations contained in Paragraph 52 of Plaintiff's Complaint do not pertain to this answering Defendant and therefore no response is required.  To the extent a response is required, Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 52 of Plaintiff's Complaint and, as a result, those allegations are denied.

53.     The allegations contained in Paragraph 53 of Plaintiff's Complaint do not pertain to this answering Defendant and therefore no response is required.  To the extent a response is required, Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 53 of Plaintiff's Complaint and, as a result, those allegations are denied.

54. The allegations contained in Paragraph 54 of Plaintiff's Complaint do not pertain to this answering Defendant and therefore no response is required. To the extent a response is required, Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained Paragraph 54 of Plaintiff's Complaint and, as a result, those allegations are denied.

## COUNT II:
### Retaliation Under Title VII
### (Against All Defendants)

55. Defendant Apex realleges and incorporates herein by reference its answers to Paragraphs 1 – 54 of Plaintiff's Complaint as if fully set forth herein.

56. Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 56 of Plaintiff's Complaint and, as a result, those allegations are denied.

57. Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 57 of Plaintiff's Complaint and, as a result, those allegations are denied.

58. Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 58 of Plaintiff's Complaint and, as a result, those allegations are denied.

59. Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 59 of Plaintiff's Complaint and, as a result, those allegations are denied.

60.    Apex is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 60 of Plaintiff's Complaint and, as a result, those allegations are denied.

61.    The allegations contained in Paragraph 61 of Plaintiff's Complaint are admitted, upon information and belief.

62.    Apex is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 62 of Plaintiff's Complaint and, as a result, those allegations are denied.

63.    The allegations contained in Paragraph 63 of Plaintiff's Complaint are admitted.

64.    The allegations contained in Paragraph 64 of Plaintiff's Complaint are denied.

65.    The allegations contained in Paragraph 65 of Plaintiff's Complaint are denied.

66.    The allegations contained in Paragraph 66 of Plaintiff's Complaint are denied.

**COUNT III:**
**Termination in Violation of North Carolina Public Policy**
**(Against Defendant LCSO)**

67.    Apex realleges and incorporates herein by reference its answers to Paragraphs 1 – 66 of Plaintiff's Complaint as if fully set forth herein.

68.    The allegations contained in Paragraph 68 of Plaintiff's Complaint are conclusions of law to which no response is required.  To the extent a response is required, the allegations contained in Paragraph 68 of Plaintiff's Complaint are admitted.

69.    The allegations contained in Paragraph 69 of Plaintiff's Complaint do not pertain to this answering Defendant and therefore no response is required.  To the extent a response is required, Apex is without sufficient information to form a belief as to the truth or falsity of the

allegations contained in Paragraph 69 of Plaintiff's Complaint and, as a result, those allegations are denied.

70. The allegations contained in Paragraph 70 of Plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations contained in Paragraph 70 of Plaintiff's Complaint are denied.

71. The allegations contained in Paragraph 71 of Plaintiff's Complaint do not pertain to this answering Defendant and therefore no response is required. To the extent a response is required, the allegations contained in Paragraph 71 of Plaintiff's Complaint are denied, upon information and belief.

72. The allegations contained in Paragraph 72 of Plaintiff's Complaint do not pertain to this answering Defendant and therefore no response is required. To the extent a response is required, the allegations contained in Paragraph 72 of Plaintiff's Complaint are denied, upon information and belief.

**EACH AND EVERY ALLEGATION CONTAINED IN PLAINTIFF'S COMPLAINT, INCLUDING THE PRAYER FOR RELIEF, NOT SPECIFICALLY ADMITTED HEREIN, IS DENIED.**

### SECOND DEFENSE

73. Apex has not deprived Plaintiff of any rights protected by Title VII.

### THIRD DEFENSE

74. Plaintiff's claims are barred, in whole or in part, because any actions taken with respect to Plaintiff were based upon legitimate, non-discriminatory, non-retaliatory reasons unrelated to any protected class and/or purported protected activity. Similarly, Plaintiff's

protected class and/or purported protected activity was not the motivating, determining or substantial factor in the decision to not select Plaintiff for employment with Apex.

## FOURTH DEFENSE

75.     Plaintiff's claims are barred, in whole or in part, by his failure to exhaust administrative remedies and/or to comply with the statutory pre-requisites to bringing this action and, as a result, this Court lacks subject matter jurisdiction over Plaintiff's Title VII claim against Apex.

## FIFTH DEFENSE

76.     Plaintiff's claim under Title VII alleged against Apex is barred to the extent that Plaintiff seeks to recover for events or circumstances which were outside the scope and/or not the subject of his EEOC Charge.

## SIXTH DEFENSE

77.     The employment practices of Apex are now and have been during the period of time referred to in Plaintiff's Complaint, conducted in all respects in accordance with state and federal laws, and in good faith.

## SEVENTH DEFENSE

78.     Plaintiff fails to state a claim upon which relief can be granted against Apex as to all or part of the allegations in Plaintiff's Complaint.

## EIGHTH DEFENSE

79.     Plaintiff has not suffered any legally cognizable injury or damage.

## NINTH DEFENSE

80.     Apex's actions were required by business necessity and were based on factors other than any protected class status or activities of Plaintiff.

**TENTH DEFENSE**

81.     Alternatively, any injuries or damages allegedly suffered by Plaintiff, which are denied, were the direct and proximate result of Plaintiff's own conduct.  As a result, the employment action of which Plaintiff complains occurred solely as a result of his own actions.

**ELEVENTH DEFENSE**

82.     Plaintiff's claims are barred, in whole or in part, to the extent that the doctrines of unclean hands, equitable estoppel, waiver, ratification and/or laches are applicable to the facts alleged.

**TWELFTH DEFENSE**

83.     The actions referenced in Plaintiff's Complaint were valid, lawful, well supported by the evidence and sufficient to warrant any actions taken by Apex.

**THIRTEENTH DEFENSE**

84.     In the alternative, Plaintiff's claim against Apex and/or claims for damages against Apex are barred, in whole or in part, by the doctrine of after-acquired evidence.

**FOURTEENTH DEFENSE**

85.     In the alternative, if any allegations of unlawful conduct are true (which Apex expressly denies), Apex's employees implicated in those allegations acted on their own, in violation of Apex's strict policies prohibiting such conduct, and acted outside the scope of their employment.

**FIFTEENTH DEFENSE**

86.     In the alternative, even if Plaintiff was subjected to unlawful conduct based on a protected class or protected activity, which is expressly denied, Apex exercised reasonable care to prevent and correct the actions which support Plaintiff's claim, and Plaintiff unreasonably failed

to take advantage of Apex's preventative or corrective opportunities to otherwise avoid harm. Thus, any damages that Plaintiff suffered were the direct and proximate result of his own actions or inactions.

## SIXTEENTH DEFENSE

87.     In the alternative, Apex pleads, upon information and belief, that Plaintiff failed to exercise reasonable diligence and ordinary care to minimize his damages, and Apex therefore pleads the doctrine of avoidable consequences and the defense of failure to mitigate damages, in whole or in part, Plaintiff's claim against Apex.

## SEVENTEENTH DEFENSE

88.     Any claim for punitive damages by Plaintiff is in violation of the Constitution of North Carolina and the United States in that it seeks to deprive Apex of property without due process of law, in that it violates the Constitutions' provisions concerning equal protection and in that it violates the Constitutions' prohibition of the imposition of excessive fines.

## EIGHTEENTH DEFENSE

89.     Any claims for punitive damages by Plaintiff are barred in whole or in part by the limitations on punitive damages set out in N.C. Gen. Stat. § 1D-1, *et seq.*

## NINETEENTH DEFENSE

90.     Plaintiff's claim for punitive damages against Apex fails to state a claim upon which relief may be granted because punitive damages are not available against a municipal defendant.

## TWENTIETH DEFENSE

91.     Apex pleads the doctrine of governmental immunity, good-faith immunity, qualified immunity, Eleventh Amendment immunity, and/or public officer's immunity as affirmative defenses.  Such immunities are pled as a complete bar to this lawsuit.

## TWENTY-FIRST DEFENSE

92.     Apex denies that Plaintiff has been injured or owed damages due to any policy, custom, practice or procedure of Apex.

## TWENTY-SECOND DEFENSE

93.     Apex pleads lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure in defense of this action.

## TWENTY-THIRD DEFENSE

94.     Plaintiff's claim is barred by the applicable statute of limitations to include, upon information and belief, Plaintiff's failure to file this lawsuit within ninety (90) days of receipt of the Notice of Right to Sue Letter from the EEOC.

## TWENTY-FOURTH DEFENSE

95.     Plaintiff's claims are barred because Apex did not subject Plaintiff to any form of unlawful or improper discrimination or retaliation.

## TWENTY-FIFTH DEFENSE

96.     Plaintiff was not selected for the Police Officer I position with Apex for legitimate, non-discriminatory and non-retaliatory reasons.  In the alternative, even if Plaintiff is able to establish his membership in a protected class and/or protected activity played a part in Apex's decision to not selected him for the position (which Apex expressly denies), Apex would have made the same decision even in the absence of such alleged unlawful considerations.

## TWENTY-SIXTH DEFENSE

97.     Plaintiff cannot establish that "but for" engaging in any alleged protected activity, he would not have suffered the adverse action about which he complains.

## ADDITIONAL DEFENSES

98.     Apex reserves the right to amend its Answer, to assert additional affirmative defenses and/or to bring in third parties as Plaintiff's claims are more fully disclosed during the course of this litigation.

## PRAYER FOR RELIEF

WHEREFORE, having answered each and every allegation contained in Plaintiff's Complaint, Apex makes the following prayer for relief:

1.      That Plaintiff have and recover nothing by way of his Complaint.

2.      That the costs of this matter be taxed to Plaintiff, including attorneys' fees;

3.      For a trial by jury of all issues of fact so triable; and

4.      For such other and further relief as the Court may deem just and proper.

Respectfully submitted, this the 3rd day of October, 2019.

JACKSON LEWIS P.C.

BY:     */s/   Paul S. Holscher*
        PAUL S. HOLSCHER
        N.C. State Bar No. 33991
        JANEAN B. DUNN
        N.C. State Bar No. 50071
        *Attorneys for the Town of Apex*
        3737 Glenwood Avenue, Suite 450
        Raleigh, NC 27612
        Telephone:  (919) 760-6460
        Facsimile:    (919) 760-6461
        Email:  paul.holscher@jacksonlewis.com
        Email:  janean.dunn@jacksonlewis.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:19-cv-00327-FL

| | |
|---|---|
| MANUEL TORRES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| TRACY LYNN CARTER, in his official | ) |
| capacity as Lee County Sheriff; TOWN | ) |
| OF SILER CITY, NORTH CAROLINA; | ) |
| and TOWN OF APEX, NORTH | ) |
| CAROLINA, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**CERTIFICATE OF
SERVICE**

     The undersigned counsel certifies that on October 3, 2019, the foregoing *Defendant Town of Apex's Answer to Complaint and Affirmative Defenses* was electronically filed with the Clerk of the Court, using the Court's CM/ECF electronic service system, which will send notification of such filing as follows:

Brennan Tyler Brooks
Law Office of B. Tyler Brooks, PLLC
4050 Yellowfield Way
Cary, NC 27518
btb@btylerbrookslawyer.com
*Attorney for Plaintiff*

Katie Weaver Hartzog
Katherine Barber-Jones
Hartzog Law Group, LLP
1903 N. Harrison Avenue, Suite 200
Cary, NC 27513
khartzog@jhartzoglawgroup.com
kbarber-jones@hartzoglawgroup.com
*Attorneys for Defendant Town of Siler City*

Bradley O. Wood
Womble Bond Dickinson (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Brad.Wood@wbd-us.com
*Attorney for Defendant Tracy Lynn Carter*

JACKSON LEWIS P.C.

BY:     */s/  Paul S. Holscher*
PAUL S. HOLSCHER
N.C. State Bar No. 33991
JANEAN B. DUNN
N.C. State Bar No. 50071
*Attorneys for the Town of Apex*
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone:  (919) 760-6460
Facsimile:   (919) 760-6461
Email:  paul.holscher@jacksonlewis.com
Email:  janean.dunn@jacksonlewis.com

4812-2906-0002, v. 1