IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO: 5:19-CV-327-FL

| | |
|---|---|
| MANUEL TORRES, <br><br> Plaintiff, <br><br> v. <br><br> TRACY LYNN CARTER, in his official capacity as Lee County Sheriff; TOWN OF APEX, NORTH CAROLINA; TOWN OF SILER CITY, NORTH CAROLINA, <br><br> Defendants. | **REPORT OF THE PARTIES' PLANNING MEETING** <br> Fed. R. Civ. P. 26(f) |

1. Pursuant to Fed. R. Civ. P. 26(f) and Local Civil Rule 26.1(e), a Rule 26(f) conference was held by telephone on October 25, 2019, and was attended by Charlotte Cover, Tyler Brooks and Jonathan Gibbs, attorneys for Plaintiff Manuel Torres ("Plaintiff"); Katie Barber-Jones, attorney for Defendant Town of Siler City ("Siler City"); Brad Wood, attorney for Defendant Tracy Lynn Carter ("Carter"), in his official capacity as Lee County Sheriff; and Paul Holscher and Janean Dunn, attorneys for Defendant Town of Apex ("Apex"). As a result, the parties hereby file this Report of the Parties' Planning Meeting.

2. **Initial Disclosures.** The parties will complete the initial disclosures required by Rule 26(a)(1) by **November 8, 2019**.

3. **Discovery Plan.** The parties propose the following discovery plan:

    (a) **Scope of Discovery.** Discovery will be needed on the following subjects: (1) Plaintiff's allegations as set forth in the *Complaint* [DE # 1]; (2) the alleged damages sought by Plaintiff and any efforts to mitigate those damages; (3) the *Answer To Plaintiff's Complaint By Tracy Lynn Carter* [DE # 7] and the defenses as set forth therein; (4) the *Answer of Defendant Town of Siler City* [DE # 16] and the defenses set forth therein; (5) *Defendant Town of Apex's Answer to Plaintiff's Complaint and Affirmative Defenses* [DE # 15] and the defenses set forth therein; (6) any other defenses that may become applicable during discovery; (7) all other issues raised by the pleadings; (8) any expert disclosures; and (9) any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1).

(b) **Dates to Commence and Complete Discovery.** The parties have considered their separate commitments and the relevant holidays and agree that discovery shall commence on **November 18, 2019**, and that the date for the completion of all discovery (general and expert) is **May 15, 2020**.

(c) **Maximum number of interrogatories and requests for production of documents.** Each Defendant shall be limited to 25 interrogatories (including subparts) and 25 requests for production of documents (including subparts). The Plaintiff shall be limited to 25 interrogatories (including subparts) and 25 requests for production of documents (including subparts) per each Defendant.

(d) **Maximum number of requests for admission.** Each Defendant shall be limited to 25 requests for admission. The Plaintiff shall be limited to 25 requests for admission per each Defendant.

(e) **Maximum number of depositions by each party.** The Plaintiff shall have a total of seven (7) depositions, including any experts named by Defendants. The Defendants shall have a total of seven (7) depositions, including any experts named by the Plaintiff.

(f) **Limits on the length of depositions.** All depositions shall be limited to one (1) day of seven (7) hours of testimony, unless extended by agreement of the parties or by a Court Order. The Plaintiff and Defendants shall make each retained expert witnesses available for deposition as soon as possible after submission of the expert's report.

(g) **Expert Reports.** Disclosures required by Federal Rule of Civil Procedure 26(a)(2), including reports from retained experts, shall be served by the party with the burden of proof and the party without the burden of proof by **February 28, 2020**. Disclosures and reports by any rebuttal experts shall be served by **April 15, 2020**.

The parties shall serve any objections to such disclosures, other than objections pursuant to Federal Rules of Evidence 702, 703, or 705, <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999) or similar case law, within 14 days after service of the disclosures upon them. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2) has been provided, such as lists of prior testimony and publications). These objections need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel shall confer or make a reasonable effort to confer before filing any motion based on those objections.

(h) **Dates for supplementations under Rule 26(e).** Supplementations under Rule 26(e) are due as required by Rule 26(e).

(i) **Disclosure, discovery, and preservation of electronically stored information.** The parties have discussed that this lawsuit could involve the discovery of electronically stored information and report to the Court the following:

   i. **Relevant Information.** Discovery may include discovery of any electronically stored information that becomes evident or known during the discovery period that may be relevant to a claim or defense at issue and that would fall within the scope of Fed. R. Civ. P. 26 for discovery purposes. However, as set forth in Fed. R. Civ. P. 26(b)(2)(B), a party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On a motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the Court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Fed. R. Civ. P. 26(b)(2)(C). The Court may specify conditions for the discovery.

   ii. **Form of Production/ Preservation.** The parties agree that the aforementioned discoverable electronically stored information will be produced, to the extent practicable, in either searchable pdf or native file format. The parties will produce Microsoft Excel spreadsheets, audio and video files, database files or other files that cannot be reasonably and accurately converted to a pdf image file, in native format. All other electronic documents may be produced as pdf image files. Documents containing metadata that are originally produced in pdf format will be produced in native format at the specific subsequent written request of another party, subject to the producing party's right to object to producing that document in native format. Any such request shall identify with particularity the specific document sought in native format. The parties further agree that they will undertake good faith efforts to identify relevant and responsive electronically stored information.

(j) **Issues Related to Claims of Privilege or Trial Preparation Material.**

   i. **Inadvertent Production of Privileged Materials ("clawback agreement") Confidentiality Concerns.** The parties have discussed certain issues related to claims of privilege and protection of trial-preparation material and have agreed upon a procedure to assert such claims after an inadvertent production of privileged or trial-preparation materials. The parties agree that an inadvertent disclosure of privileged or

trial-preparation materials (absent a clear indication of the intent to waive such privilege or protection), including but not limited to metadata and other such information, shall not be deemed a waiver or forfeiture of such privilege or protection provided that the party making the production or disclosure promptly identifies any such documents and/or metadata mistakenly produced after discovery of the inadvertent production. The parties further agree that, upon request, any such mistakenly-produced documents/metadata shall be returned. In the event of a dispute over use of any privileged materials, the receiving party must sequester or destroy all copies, and may not use or disseminate the information contained therein until such time as the dispute over the claim of privilege is resolved by the Court.

  ii. **Privilege Logs.** For any claim of privilege made pursuant to Rule 26(b)(5)(A), any communications made between a party and its counsel of record, and trial materials prepared by a party for its counsel of record, are not required to be documented in a privilege log.

4. **Other Matters.**
   (a) The parties do not request a conference with the court before entry of the scheduling order.

   (b) **Pretrial Conference.** The parties request that a pretrial conference be held 15 days prior to the trial date.

   (c) **Plaintiff's Amending of Pleadings.** Plaintiff shall be allowed until **November 7, 2019**, to join additional parties and/or to amend the pleadings. After this date, the Court will consider, inter alia, whether the granting of leave would delay trial.

   (d) **Defendants' Amending of Pleadings.** Defendants shall be allowed until **November 21, 2019**, to join additional parties and/or to amend the pleadings. After this date, the Court will consider, inter alia, whether the granting of leave would delay trial.

   (e) **Dispositive Motions.** All potentially dispositive motions should be filed by the moving party by **June 15, 2020**, or within thirty (30) days following the end of the discovery period, whichever is later.

   (f) **Prospects for Settlement.** The parties are currently exploring the possibility of early resolution through informal settlement negotiations.

   (g) **Mediation.** Mediation should be conducted late in the discovery period, the exact date to be set by the mediator after consultation with the parties. The parties have proposed Denise Cline to serve as mediator.

(h) **Witness Lists/ Exhibits.** Final lists of witnesses and exhibits under Rule 26(a)(3) are due from Plaintiff by 45 days before trial and from Defendant by 30 days before trial.

(i) **Objections Pursuant to Rule 26(a)(3).** Objections under Rule 26(a)(3) shall be made within 14 days of designation of the final lists of witnesses and exhibits.

(j) **Length of Trial.** A jury trial has been demanded. If the case is ultimately tried, trial is expected to take approximately three (3) days.

(k) The parties have discussed the special procedures for managing this case, including reference of the case to a magistrate judge on consent of the parties. The parties do not consent to Magistrate Judge jurisdiction.

(l) **Motions in Limine.** Unless otherwise ordered by the Court, the parties propose that all motions *in limine* shall be filed no later than seven (7) days prior to the pretrial conference.

(m) **Confidential Information.** The parties have discussed certain issues relating to the disclosure of documents and information, which may be confidential information, and proposes that the parties file a mutually agreeable protective order pursuant to Fed. R. Civ. P. 26(c). The parties propose that they reserve the right to move for a protective order with regard to any subject of discovery, including but not limited to the subjects listed above.

Respectfully submitted, this the 31st day of October, 2019.

| LAW OFFICE OF B. TYLER BROOKS, PLLC | JACKSON LEWIS P.C. |
|---|---|
| BY: */s/ B. Tyler Brooks*<br>BRENNAN TYLER BROOKS<br>N. C. State Bar No. 37604<br>4050 Yellowfield Way<br>Cary, NC 27518<br>Email: btb@btylerbrookslawyer.com<br><br>JONATHAN D. GIBBS<br>Gibbs & Associates Law Firm, LLC<br>9398 Thornberry Court<br>Mason, OH 45040<br>Telephone: 513-637-5545<br>Email: jgibbs@gibbs-lawfirm.com<br>*Attorneys for Plaintiff* | BY: */s/ Paul S. Holscher*<br>PAUL S. HOLSCHER<br>N.C. State Bar No. 33991<br>JANEAN B. DUNN<br>N.C. State Bar No. 50071<br>*Attorneys for Defendant Town of Apex*<br>3737 Glenwood Avenue, Suite 450<br>Raleigh, NC 27612<br>Telephone: (919) 760-6460<br>Facsimile: (919) 760-6461<br>Email: Paul.Holscher@jacksonlewis.com<br>Email: Janean.Dunn@jacksonlewis.com |

HARTZOG LAW GROUP LLP


BY: */s/ Katie Weaver Hartzog*
KATIE WEAVER HARTZOG
N.C. State Bar No. 32989
Email: khartzog@jhartzoglawgroup.com
KATHERINE BARBER-JONES
State Bar No. 44197
Email: kbarber-jones@hartzoglawgroup.com
1903 N. Harrison Avenue, Suite 200
Cary, NC 27513
*Attorneys for Defendant Town of Siler City*


WOMBLE BOND DICKINSON (US) LLP


BY: */s/ Bradley O. Wood*
BRADLEY O. WOOD
N.C. State Bar No. 22392
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 728-7012
Facsimile: (336) 726-6913
E-mail: Brad.Wood@wbd-us.com
*Attorney for Defendant Tracy Lynn Carter*

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CIVIL ACTION NO: 5:19-CV-327-FL

| | |
|---|---|
| MANUEL TORRES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| TRACY LYNN CARTER, in his official capacity as Lee County Sheriff; TOWN OF APEX, NORTH CAROLINA; TOWN OF SILER CITY, NORTH CAROLINA, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**CERTIFICATE OF SERVICE**

The undersigned certifies that on October 31, 2019, the foregoing *Report of the Parties' Planning Meeting* was electronically filed with the Clerk of the Court, using the Court's CM/ECF electronic service system, which will send notification of such filing as follows:

Brennan Tyler Brooks
Law Office of B. Tyler Brooks, PLLC
4050 Yellowfield Way
Cary, NC 27518
btb@btylerbrookslawyer.com

Jonathan D. Gibbs
Gibbs & Associates Law Firm, LLC
9398 Thornberry Court
Mason, OH 45040
jgibbs@gibbs-lawfirm.com
*Attorneys for Plaintiff*

Katie Weaver Hartzog
Katherine Barber-Jones
Hartzog Law Group, LLP
1903 N. Harrison Avenue, Suite 200
Cary, NC 27513
khartzog@hartzoglawgroup.com
kbarber-jones@hartzoglawgroup.com
*Attorneys for Defendant Town of Siler City*

Bradley O. Wood
Womble Bond Dickinson (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Brad.Wood@wbd-us.com
*Attorney for Defendant Tracy Lynn Carter*

JACKSON LEWIS P.C.

BY: */s/ Paul S. Holscher*
PAUL S. HOLSCHER
N.C. State Bar No. 33991
JANEAN B. DUNN
N.C. State Bar No. 50071
Jackson Lewis P.C.
*Attorneys for Defendant Town of Apex*
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone: (919) 760-6460
Facsimile: (919) 760-6461
E-mail: Paul.Holscher@jacksonlewis.com
E-mail: Janean.Dunn@jacksonlewis.com

4818-7208-9770, v. 2