IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:19-cv-327

| | |
|---|---|
| MANUEL TORRES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OF LAW** |
| ) | **IN SUPPORT OF MOTION FOR** |
| TRACY LYNN CARTER, in his ) | **LEAVE TO AMEND COMPLAINT** |
| official capacity as Lee County ) | |
| Sheriff; TOWN OF APEX, NORTH ) | |
| CAROLINA; and TOWN OF SILER ) | |
| CITY, NORTH CAROLINA, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, Manuel Torres ("Plaintiff") respectfully files this Memorandum of Law in Support of Plaintiff's Motion for Leave to Amend Complaint and shows the following.

ARGUMENT

Plaintiff seeks leave pursuant to Rule 15(a)(2) to amend his Complaint for employment discrimination ("Complaint") to add a party Defendant, NightHawk Company Police, LLC. This Court's November 4, 2019, Case Management Order provides: "Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by plaintiff by **November 7, 2019**." (D.E. 21, p. 6). Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing

party's written consent or the court's leave. The court should freely give leave when justice so requires."

Under Rule 15(a)(2)'s liberal standard, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). *See also, Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir. 1999).

<u>The proposed amendment is timely</u>: The Court's Case Management Order specifically provides that Plaintiff may move for leave to join additional parties until November 7, 2019. On August 29, 2019, EEOC issued its Dismissal and Notice of Suit Rights concerning Plaintiff's EEOC Charge No. 433-2018-003012 against the new Defendant NightHawk Company Police. Plaintiff received his notice of right to sue after August 29, giving him at least until November 27 in which to file suit against NightHawk on claims arising out of the same operative facts as are raised in Plaintiff's original Complaint. After this motion for leave to amend was originally filed on November 7, counsel for Plaintiff received a notice of deficiency in the filing and was ordered to correct the deficiencies and refile. Plaintiff's original filing was timely under the Case Management Order and ahead of Plaintiff's deadline for filing suit against NightHawk. Thus, the proposed amendment is timely.

<u>Plaintiff has not acted in bad faith and Defendants will not be prejudiced</u>. Plaintiff has not acted in bad faith. He did not receive his right to sue notice from EEOC until after the original complaint was filed. The current parties agreed to the timeline for adding parties or amending pleadings in their Rule 26(f) planning meeting. The Court adopted the agreed upon date for Plaintiff's amendment of its complaint, including adding parties, in its Case Management Order. Therefore, the Plaintiff has acted in good faith in filing his Motion for Leave to Amend and the current Defendants and the new Defendant will not be prejudiced. Discovery has not yet begun in this case. Thus, Defendants, having already agreed to the date and not yet having engaged in discovery, would suffer no prejudice by permitting the proposed amendment. The new Defendant would not be prejudiced since it will still have as much time as the current parties in which to conduct its discovery.

<u>The amendment will not be futile</u>. Since Plaintiff has brought his Title VII retaliation action against NightHawk within 90 days of his receipt of his EEOC notice of his right to sue NightHawk, the Amended Complaint on its face alleges retaliatory conduct against Plaintiff because of his having filed religious discrimination/retaliation charges against Defendant Lee County Sheriff's Office.

For all these reasons, the Plaintiff respectfully requests the Court to grant his motion to amend his complaint to add as a party Defendant NightHawk Company Police, LLC.

## V. Conclusion.

For the foregoing reasons, Plaintiff's Motion for Leave to Amend Complaint should be granted.

Dated: November 15, 2019.

Respectfully submitted,

LAW OFFICE OF B. TYLER BROOKS, PLLC

BY: /s/ B. Tyler Brooks
B. Tyler Brooks
N.C. Bar No. 37604
4050 Yellowfield Way
Cary, North Carolina 27518
Telephone: (336) 707-8855
Fax: (919) 584-8373
btb@btylerbrookslawyer.com

GIBBS & ASSOCIATES LAW FIRM, LLC

BY: /s/ Jonathan D. Gibbs
Jonathan D. Gibbs*
Ohio Bar No. 0094455
6398 Thornberry Ct.
Mason, Ohio 45040
Telephone: (513) 234-5545
Fax: (888) 500-4638
jgibbs@gibbs-lawfirm.com
*Appearing pursuant to Local Rule 83.1

# **CERTIFICATE OF SERVICE**

The undersigned certifies that on November 7, 2019, the foregoing Memorandum of Law in Support of Motion for Leave to Amend Complaint was electronically filed with the Clerk of the Court, using the Court's CM/ECF electronic service system, which will send notification of such filing as follows:

Paul S. Holscher
Janean B. Dunn
Jackson Lewis P.C.
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Paul.Holscher@jacksonlewis.com
Janean.Dunn@jacksonlewis.com
*Attorneys for Defendant Town of Apex*

Katie Weaver Hartzog
Katherine Barber-Jones
Hartzog Law Group, LLP
1903 N. Harrison Avenue, Suite 200
Cary, NC 27513
khartzog@hartzoglawgroup.com
kbarber-jones@hartzoglawgroup.com
*Attorneys for Defendant Town of Siler City*

Bradley O. Wood
Womble Bond Dickinson (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Brad.Wood@wbd-us.com
*Attorney for Defendant Tracy Lynn Carter*

GIBBS & ASSOCIATES LAW FIRM, LLC

BY: /s/ Jonathan D. Gibbs
Jonathan D. Gibbs*
Ohio Bar No. 0094455
6398 Thornberry Ct.
Mason, Ohio 45040

Telephone: (513) 234-5545
Fax: (888) 500-4638
jgibbs@gibbs-lawfirm.com
*Appearing pursuant to Local Rule 83.1*