IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:19-cv-327

| | | |
|---|---|---|
| MANUEL TORRES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ANSWER OF DEFENDANT** |
| TRACY LYNN CARTER, in his | ) | **TOWN OF SILER CITY TO** |
| official capacity as Sheriff of Lee | ) | **PLAINTIFF'S FIRST** |
| County, North Carolina, TOWN OF | ) | **AMENDED COMPLAINT** |
| SILER CITY, NORTH CAROLINA, | ) | |
| and TOWN OF APEX, NORTH | ) | |
| CAROLINA, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW Defendant, TOWN OF SILER CITY, NORTH CAROLINA

(*hereinafter*, "Defendant" or the "Town"), by and through its undersigned

attorneys and pursuant to Rule 12 of the Federal Rules of Civil Procedure, and

answers Plaintiff's First Amended Complaint as follows:

## ANSWER

In response to the correspondingly numbered paragraphs of the First

Amended Complaint, Defendant alleges and says:

1.     It is admitted upon information and belief that Plaintiff was

employed by the Lee County Sheriff's Office as a law enforcement officer. The

remaining allegations contained in Paragraph 1 constitute conclusions of law,

to which no response is required. To the extent a response is required, these allegations are denied.

2. The allegations contained in Paragraph 2 constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

3. The allegations contained in Paragraph 3 constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

4. It is admitted upon information and belief that Torres was an employee of Lee County Sheriff's Office. It is further admitted that he submitted an application for employment with the Town of Siler City. Except as specifically admitted, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

5. It is admitted upon information and belief that Defendant Tracy Lynn Carter is the Sheriff of Lee County. Except as specifically admitted, the remaining allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

6. It is admitted that the Town of Siler City is a municipal corporation established and existing pursuant to applicable North Carolina

law. It is further admitted that the Town of Siler City has appointed a Chief of Police and employs law enforcement officers to perform those duties authorized by applicable law. Except as specifically admitted, the remaining allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

7.    It is admitted upon information and belief that the Town of Apex is a municipal corporation established and existing pursuant to applicable North Carolina law. Except as specifically admitted, the remaining allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

8.    Defendant lacks sufficient knowledge lacks sufficient information to form a belief as to the truth of the allegations concerning NightHawk Company Police, LLC; accordingly, these allegations are denied.  the remaining allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

9.    Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

10. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

11. It is admitted that Plaintiff filed an Amended Charge of Discrimination with the EEOC Raleigh Area Office on or about July 16, 2018, regarding the "Siler City Police Dept." It is further admitted that the contents of the Charge of Discrimination speak for themselves and are the best evidence of their contents. Except as specifically admitted, the allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint are denied.

12. It is admitted that the EEOC issued a Dismissal and Notice of Rights dated April 29, 2019. Except as specifically admitted Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

13. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

14. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

15.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

16.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

17.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

18.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

19.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

20.     The allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

21.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

22.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

23.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

24.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

25.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

26.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

27.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

28.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

29.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

30.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

31.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

32.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

33.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

34.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

35.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

36. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

37. It is admitted that Plaintiff attended an interview with Town employees on September 22, 2017 as part of the application process for the position of Police Officer. Except as specifically admitted, the allegations contained in Paragraph 37 are denied.

38. It is admitted that the Town's Human Resources Director, Nancy Darden, and Chief of Police, Gary Tyson, called Plaintiff a few days after his interview to ask follow-up questions. It is further admitted that Plaintiff was asked by Ms. Darden and Chief Tyson why his employment with the Lee County Sheriff was terminated. It is further admitted that Plaintiff responded that he went out on a call and no one answered after he called for back-up, which he believed was caused by retaliation against him, and he was dismissed shortly after. It is denied that Plaintiff requested an accommodation, and it is further denied that an accommodation was a topic of conversation during any part of the interview or hiring process. Except as specifically admitted, the allegations contained in Paragraph 38 of Plaintiff's First Amended Complaint are denied.

39. The allegations contained in Paragraph 39 of Plaintiff's First Amended Complaint are denied.

40.    It is admitted that the Town made a conditional offer of employment to Plaintiff conditioned on a full background check and the remaining testing for prospective new hires. Except as specifically admitted, the allegations contained in Paragraph 40 of Plaintiff's First Amended Complaint are denied.

41.    It is admitted that Plaintiff completed certain testing requirements for prospective employees and that a background investigation was performed. Except as specifically admitted, the allegations contained in Paragraph 41 of Plaintiff's First Amended Complaint are denied.

42.    It is admitted that the results of Plaintiff's background check caused the Town to rescind its conditional job offer to Plaintiff. It is specifically denied that anyone employed by Lee County or the Lee County Sheriff informed any Town employee or agent that Plaintiff had filed a Charge of Discrimination with the EEOC. Except as specifically admitted, the allegations contained in Paragraph 42 of Plaintiff's First Amended Complaint are denied.

43.    It is admitted that three persons were hired for the position of Police Officer after Plaintiff's conditional job offer was rescinded by the Town, one of whom was a white male under the age of 40. Except as specifically admitted, the allegations contained in Paragraph 43 of Plaintiff's First Amended Complaint are denied.

44.     The allegations contained in Paragraphs 44 through 49 do not pertain to the Town of Siler City and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks sufficient information to form a belief as to the truth of these allegations, and the allegations are denied on this basis.

45.     The allegations contained in Paragraphs 44 through 49 do not pertain to the Town of Siler City and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks sufficient information to form a belief as to the truth of these allegations, and the allegations are denied on this basis.

46.     The allegations contained in Paragraphs 44 through 49 do not pertain to the Town of Siler City and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks sufficient information to form a belief as to the truth of these allegations, and the allegations are denied on this basis.

47.     The allegations contained in Paragraphs 44 through 49 do not pertain to the Town of Siler City and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks sufficient information to form a belief as to the truth of these allegations, and the allegations are denied on this basis.

48. The allegations contained in Paragraphs 44 through 49 do not pertain to the Town of Siler City and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks sufficient information to form a belief as to the truth of these allegations, and the allegations are denied on this basis.

49. The allegations contained in Paragraphs 44 through 49 do not pertain to the Town of Siler City and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks sufficient information to form a belief as to the truth of these allegations, and the allegations are denied on this basis.

50. The allegations contained in Paragraphs 50 through 53 do not pertain to the Town of Siler City and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks sufficient information to form a belief as to the truth of these allegations, and the allegations are denied on this basis

51. The allegations contained in Paragraphs 50 through 53 do not pertain to the Town of Siler City and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks sufficient information to form a belief as to the truth of these allegations, and the allegations are denied on this basis

52.    The allegations contained in Paragraphs 50 through 53 do not pertain to the Town of Siler City and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks sufficient information to form a belief as to the truth of these allegations, and the allegations are denied on this basis

53.    The allegations contained in Paragraphs 50 through 53 do not pertain to the Town of Siler City and therefore, no response is required. To the extent a response is deemed to be required, Defendant lacks sufficient information to form a belief as to the truth of these allegations, and the allegations are denied on this basis

54.    The allegations contained in Paragraph 54 of Plaintiff's First Amended Complaint are not directed to this answering Defendant and are therefore denied.

55.    The allegations contained in Paragraph 55 of Plaintiff's First Amended Complaint are not directed to this answering Defendant and are therefore denied.

56.    The allegations contained in Paragraph 56 of Plaintiff's First Amended Complaint are not directed to this answering Defendant and are therefore denied.

57.     The allegations contained in Paragraph 57 of Plaintiff's First Amended Complaint are not directed to this answering Defendant and are therefore denied.

58.     The allegations contained in Paragraph 58 of Plaintiff's First Amended Complaint are not directed to this answering Defendant and are therefore denied.

59.     The allegations contained in Paragraph 59 of Plaintiff's First Amended Complaint are not directed to this answering Defendant and are therefore denied.

60.     The allegations contained in Paragraph 60 of Plaintiff's First Amended Complaint are not directed to this answering Defendant and are therefore denied.

61.     The allegations contained in Paragraph 61 of Plaintiff's First Amended Complaint are not directed to this answering Defendant and are therefore denied.

62.     Defendant incorporates the preceding paragraphs by reference as though fully set forth herein.

63.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 63 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

64. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 64 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

65. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 65 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

66. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 66 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

67. It is admitted that the Town made a conditional offer of employment to Plaintiff for the position of Police Officer, conditioned on a full background check and the remaining testing for prospective new hires. Except as specifically admitted, the allegations contained in Paragraph 67 of Plaintiff's First Amended Complaint are denied.

68. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 68 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

69. It is admitted that, based on the results of the investigation into Plaintiff's background, the Town rescinded its conditional job offer to Plaintiff. It is specifically denied that anyone employed by Lee County or the Lee County Sheriff informed any Town employee or agent that Plaintiff had filed a Charge

of Discrimination with the EEOC. Except as specifically admitted, the allegations contained in Paragraph 69 of Plaintiff's First Amended Complaint are denied.

70.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 70 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

71.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 71 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

72.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 72 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

73.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 73 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

74.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 74 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

75.     It is denied that Defendant Town of Siler City violated Plaintiff's civil rights. It is further denied that Plaintiff is entitled to damages from Defendant Town of Siler City. Defendant lacks sufficient information to form

a belief as to the truth of the remaining allegations contained in Paragraph 66 of Plaintiff's First Amended Complaint. Accordingly, these allegations are denied.

76.     Defendant incorporates the preceding paragraphs by reference as though fully set forth herein.

77.     The allegations contained in Paragraph 77 constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

78.     The allegations contained in Paragraph 78 of Plaintiff's First Amended Complaint are not directed to this answering Defendant and are therefore denied.

79.     The allegations contained in Paragraph 79 of Plaintiff's First Amended Complaint are not directed to this answering Defendant and are therefore denied.

80.     The allegations contained in Paragraph 80 of Plaintiff's First Amended Complaint are not directed to this answering Defendant and are therefore denied.

81.     The allegations contained in Paragraph 81 of Plaintiff's First Amended Complaint are not directed to this answering Defendant and are therefore denied.

**EACH AND EVERY ALLEGATION NOT SPECIFICALLY ADMITTED HEREIN, INCLUDING THE ALLEGATIONS CONTAINED IN THE PRAYER FOR RELIEF, ARE HEREBY DENIED.**

## FIRST DEFENSE

Plaintiff's First Amended Complaint, in whole or in part, fails to state valid claims against Defendant as required by Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE

Defendant pleads sovereign and governmental immunity as a defense to all applicable claims asserted herein and to the extent not waived by the purchase of insurance and/or participation in a risk pool.

## THIRD DEFENSE

Defendant pleads all other applicable immunities to which they are entitled by operation of law in bar of Plaintiff's alleged rights to recover herein.

## FOURTH DEFENSE

Defendants have not deprived and are not depriving Plaintiff of any rights protected under North Carolina law or the United States or North Carolina Constitutions.

## FIFTH DEFENSE

The employment practices of the Defendant are now, and have been

during the period of time referred to in Plaintiff's First Amended Complaint, conducted in all respects in accordance with state and federal laws, and in good faith.

## SIXTH DEFENSE

Defendant's actions, practices and policies about which Plaintiff complains are and have been based on legitimate non-discriminatory business reasons and are and have been necessary to the orderly, safe and efficient operation of the Town's business.

## SEVENTH DEFENSE

The employment actions referenced in Plaintiff's First Amended Complaint were valid and lawful and well supported by the evidence and sufficient to warrant the Town's actions with regard to Plaintiff.

## EIGHTH DEFENSE

Defendant pleads upon information and belief that the Plaintiff failed to exercise reasonable diligence and ordinary care to minimize his damages and Defendant therefore pleads the doctrine of avoidable consequences and the defense of failure to mitigate damages in bar of Plaintiff's claims against Defendant.

## NINTH DEFENSE

Defendant's actions were required by business necessity and were based on factors other than any protected class status or activities of the Plaintiff.

## TENTH DEFENSE

Defendant denies that any adverse employment actions were taken against Plaintiff in retaliation for any protected activity. To the extent Plaintiff engaged in any protected activity, Defendant avers that any adverse employment actions taken against Plaintiff would have been taken in any event, and without reliance on any protected activity.

## ELEVENTH DEFENSE

Defendant has complied in good faith with all applicable laws and regulations and, having so complied, acted without improper motive and any injury accruing to Plaintiff, the existence of which is specifically denied, is not actionable.

## TWELFTH DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, by the doctrine of unclean hands.

## ADDITIONAL DEFENSES

Defendant reserves the right to timely assert any affirmative defenses not currently known to Defendant at this time or any defenses raised by another Defendant to this action.

## PRAYER FOR RELIEF

WHEREFORE, having answered each and every allegation of the First Amended Complaint, Defendant prays the Court, as follows:

1.  That Plaintiff's claims against Defendant be dismissed with prejudice;

2.  That Plaintiff has and recovers nothing from Defendant;

3.  That the costs of this action be taxed against Plaintiff;

4.  That there be a trial by jury on all issues of fact so triable herein;

5.  That the Court award Defendant such other and further relief as the Court deems just and proper.

This the 30th day of December, 2019.

**HARTZOG LAW GROUP LLP**

*/s/ Katie Weaver Hartzog*
KATIE WEAVER HARTZOG
N.C. State Bar No. 32989
E-mail: khartzog@hartzoglawgroup.com
KATHERINE BARBER-JONES
N.C. State Bar No. 44197
E-mail:  kbarber-jones@hartzoglawgroup.com
1903 N. Harrison Avenue, Suite 200
Cary, North Carolina 27513
Telephone: (919) 670-0338
Facsimile: (919) 714-4635
*Attorneys for Defendant Town of Siler City*

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification to all registered CM/ECF participants.

This the 30th day of December, 2019.

**HARTZOG LAW GROUP LLP**

/s/ *Katie Weaver Hartzog*
KATIE WEAVER HARTZOG
N.C. State Bar No. 32989
E-mail: khartzog@hartzoglawgroup.com
KATHERINE BARBER-JONES
N.C. State Bar No. 44197
E-mail: kbarber-jones@hartzoglawgroup.com
1903 N. Harrison Avenue, Suite 200
Cary, North Carolina 27513
Telephone: (919) 670-0338
Facsimile: (919) 714-4635
*Attorneys for Defendant Town of Siler City*